**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **DENY ANTONIO GARCIA-MARINO,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-1322-KC** |
| **MARKWAYNE MULLIN et al.,** | § § § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the case.  Deny Antonio Garcia-Marino filed a Petition for a Writ of Habeas Corpus, ECF No. 1, arguing that his detention is unlawful and asking the Court to order his release or a bond hearing.  On May 11, 2026, the Court ordered Respondents to show cause why the petition should not be granted, and it also entered an order preventing Garcia-Marino's transfer from the El Paso Division.  May 11, 2026, Order, EF No. 5.

Respondents now argue that Garcia-Marino's detention is required by law.  Resp. 3, ECF No. 9.  Respondents state that Garcia-Marino is subject to an administratively final order of removal.  *Id.* at 1.  Particularly, an immigration judge entered an order for Garcia-Marino's voluntary departure on February 5, 2026.  *Id.*  Garcia-Marino then appealed that order, but the Board of Immigration Appeals ("BIA") summarily dismissed the appeal on March 31, 2026, making the removal order final.  *Id.*  Thus, Garcia-Marino has only been detained in the post removal order context for approximately fifty days, which is within the ninety-day mandatory detention period applicable to those ordered removed.  *Id.* at 1–2.  And it is well within the six-month period of post-removal order detention that is required for the accrual of a prolonged detention claim.  *See Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).

Separately, Garcia-Marino filed a Motion to Enforce Court's Order and for Sanctions, ECF No. 10, arguing that Respondents have transferred or are preparing to imminently transfer him out of the El Paso Division in violation of the Court's May 11, 2026, Order.  The Court's order prevents: (1) Garcia-Marino's removal or deportation from the United States, and (2) his transfer to any facility outside the boundaries of the El Paso Division of the Western District of Texas.  *See* May 11, 2026, Order 2.  Thus, Respondents cannot transfer Garcia-Marino at this time.  However, if Garcia-Marino has an administratively final order of removal, the Court will likely have to vacate its orders preventing transfer and deportation.  *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) ("A request for a stay of removal is a challenge to a removal order.").

Accordingly, the Court **ORDERS** that Garcia-Marino must **FILE** a reply, **by no later than May 26, 2026**, to the factual contentions and legal arguments raised in the Response.

**IT IS FURTHER ORDERED** that Respondents must **FILE** a response, **by no later than May 26, 2026**, to Petitioner's Motion to Enforce, stating whether Garcia-Marino has been transferred to a facility outside the boundaries of the El Paso Division.  Meanwhile, that Motion remains **UNDER ADVISEMENT**.

**SO ORDERED**.

**SIGNED this 19th day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2