**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **DENY ANTONIO GARCIA-MARINO,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-1322-KC** |
| **MARKWAYNE MULLIN et al.,** | § § § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case.  Deny Antonio Garcia-Marino filed a Petition for a Writ of Habeas Corpus, ECF No. 1, arguing that his detention is unlawful and asking the Court to order his release or a bond hearing.  Later, Garcia-Marino filed a Motion to Enforce, ECF No. 10, arguing that Respondents had transferred or were preparing to imminently transfer him out of the El Paso Division in violation of the Court's May 11, 2026, Order, ECF No. 5. The Court ordered briefing.  May 19, 2026, Order, ECF No. 11.

Respondents argue that Garcia-Marino's detention is required because an immigration judge entered an order for Garcia-Marino's voluntary departure, and the Board of Immigration Appeals ("BIA") summarily dismissed the appeal on March 31, 2026, making the removal order final.  Resp. 1, ECF No. 9; Resp. Mot. 2, ECF No. 14.  Respondents acknowledge that Garcia-Marino filed a motion to reconsider, which remains pending before the BIA, but argue that it "does not stay the execution of any decision made in the case unless a stay of execution is specifically granted."  Resp. Mot. 2.  In other words, the removal order remains administratively final notwithstanding the pending motion.  *See id.*

A noncitizen ordered removed from the United States is subject to mandatory detention during the removal period. 8 U.S.C. § 1231(a)(2)(A). The removal period begins at the latest of: (1) the date a removal order becomes administratively final, (2) if the removal order is challenged and the reviewing court orders a stay of removal, the date of the court's final order, or (3) the date a noncitizen ordered removed is released from criminal detention. *See id.* § 1231(a)(1)(B). Here, Garcia-Marino's removal order became administratively final on March 31. He did not file a motion requesting a stay of removal, and neither an IJ nor the BIA have granted any stay. Therefore, he remains subject to a final order of removal and is subject to mandatory detention. *See* Resp. Mot. 2; Reply 2, ECF No. 12. However, prolonged detention of non-citizens under a final order of removal can become unconstitutional when detention exceeds six months. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). At this point, Garcia-Marino has been detained for about two months in the post-final-removal order context.

Next, Respondents state that they did not transfer Garcia-Marino out of the Western District of Texas. Resp. Mot. 1–2. He remains detained at Camp East Montana, and his Motion should be denied. *Id.* But while they have not violated the order preventing Garcia-Marino's removal and transfer, Respondents argue that order should be vacated. *Id.* at 3. When the Court issued its order, it did not appear, based on his allegations, that Garcia-Marino was subject to a final removal order. Because it is now apparent that Garcia-Marino is subject to an administratively final removal order, the Court lacks jurisdiction to prevent his removal. *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). Therefore, the Court finds its previous order preventing Garcia-Marino's transfer and removal should be vacated.

Accordingly, the Court **ORDERS** that Garcia-Marino's Motion, ECF No. 10, is **DENIED**.

**IT IS FURTHER ORDERED** that the Court's May 11, 2026, Order that Respondents do not (1) remove or deport Garcia-Marino from the United States, or (2) transfer him to any facility outside the boundaries of the El Paso Division of the Western District of Texas, is **VACATED**.

**IT IS FURTHER ORDERED** that the Court's May 26, 2026, Order for Respondents to show cause is **VACATED**.

**IT IS FURTHER ORDERED** that Respondents shall **FILE** a status update by **no later than September 30, 2026**, detailing the following:

(1) Whether Garcia-Marino has been lawfully removed from the country, and if not,

(2) What concrete steps have been taken to effectuate Garcia-Marino's removal,

(3) What obstacles exist to effectuating Garcia-Marino's removal, such as issuance of travel documents, or identifying a country for removal,

(4) What concrete steps have been taken to address the existing obstacles, and

(5) The anticipated timeline for Garcia-Marino's removal from the United States.

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 27th day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE